# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VU NGUYEN,

    Defendant.

2:03-cr-158-KJD-PAL

**ORDER**

    This matter is before the Court on remand from the Ninth Circuit Court of Appeals for the limited purpose of granting or denying a certificate of appealability.

    In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also* United States v. Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id.

    This case arises from the armed robbery of Chong Hing Jewelers in Las Vegas Nevada. In the course of the robbery, several luxury watches having a value of approximately $885,000 were

1 taken by two individuals. The robbers were covered, head-to-toe, in ninja-style white clothing.
2 Before entering the store, one of the robbers executed the store security guard who had his back to
3 them and was cleaning store windows. Eye witnesses had little to go on in describing the robbers
4 other than the fact that one was carrying an assault-type rifle and the other was carrying a bag, and
5 there appeared to be a height difference between the two individuals. The robbers were inside the
6 store for no more than 90 seconds and store employees were assaulted in the process of the robbers
7 obtaining access to the contents of display cabinets.

Investigators later determined that the robber carrying the rifle was Anh The Doung, whose height was established from various sources. Doung was charged separately, tried and convicted in California for this crime and several other murders. Defendant was separately indicted, tried, and convicted following a seventeen (17) day jury trial in the District of Nevada. Jurors took approximately one hour to reach a verdict.

From the outset of discovery and continuing through trial, the defense claimed that Defendant Vu Nguyen could not have been a participant in the robbery because he is approximately the same height as Anh The Doung. This strategy commenced with Defendant's opening statement. The defense strategy continued to be presented with virtually every eye witness to the robbery. Emphasis on the difference in height was again presented during viewing of security camera footage of the robbery. This strategy continued throughout the trial. The effort was to convince the jury that, because of height difference between the robbers, Defendant who was the same height as Doung could not have been the second robber, and thus was not present at the scene.

In seeking relief from his conviction, Defendant has now admitted his participation in the robbery, claiming that his counsel failed to allow him to present the defense that he did not believe that the gun carried by Anh The Doung was loaded. He acknowledges familiarity with Doung's history of shooting people during other robberies and claims he insisted on going into the robbery

without ammunition. He does not, however, explain how he and Doung planned to neutralize the armed security guard who was present at the store.

It is clear from the affidavits submitted in connection with this matter by Defendant's trial and appellate counsel that Defendant did not, during the course of any attorney-client communication before trial, make them aware of his presence at the robbery. Defendant's attorneys have responded to Defendant's assertion that even had they known of Defendant's participation, the trial strategy of emphasizing height differences between Defendant and Doung was far superior to conceding guilt on counts one and two and arguing to the jury that it was not foreseeable to Defendant that an armed security guard might be killed. Defendant's claim that he disagreed with this strategy is belied by the fact that at no time from opening statements through summation did he complain to the Court that his attorneys were not performing according to his wishes. He did not request an opportunity to testify. Even had he done so, counsel assert they would have advised him against testifying. The Court finds Defendant's belated claims to lack credibility.

There was no deficiency in performance of counsel where counsel based the defense on a theory of lack of presence at the scene, incorporating facts and testimony of eyewitnesses to the crime combined with a lack of physical evidence placing Defendant there. This is also entirely consistent with the claim of Defense counsel that they were not previously informed by Defendant of his participation in the robbery. However, even if Defendant did inform counsel of his involvement and potential defense to the shooting, the outcome would not have been different. To present the defense now urged by Defendant would have subjected him to cross examination. According to him, he had knowledge of Doung's history of shooting people during robberies and insisted that the assault rifle used in the robbery not contain any ammunition. No reasonable jury would have found credible Defendant's asserted reliance on the veracity of a person like Doung who had a history of shooting people during robberies and murdered four individuals in a single unprovoked incident at the International Club in Los Angeles. Nor would a reasonable jurist find

credible Defendant's claim that he could not reasonably foresee a killing in the course of an armed robbery involving an assault rifle, an armed security guard and the theft of $885,000 of jewelry. Defendant would also have been subject to impeachment based on his own prior convictions for involvement in a drive-by shooting and making a false statement to a police officer. The choice of strategy actually employed by the defense was far superior and well within the range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984).

The Court has, in connection with its Order Denying Defendant's Motion Vacate, or Correct Sentence (#232), considered Defendant's other contentions and finds that Defendant has failed to show any constitutional deficiency of counsel. He cannot demonstrate prejudice resulting from performance of counsel either as to his individually asserted claims of ineffective assistance of counsel or as to the cumulative impact of alleged errors. Further, Defendant has not demonstrated that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. See, Slack v. McDaniel, supra.

Accordingly, Defendant is denied a certificate of appealability.

DATED this 29th day of May 2013.

_____
Kent J. Dawson
United States District Judge